SIGNED.

Dated: September 09, 2008

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REBECCA LYNN ENGLE, | ) | No. 4:08-bk-06355-JMM |
| Debtor(s). | ) | **MEMORANDUM DECISION** |

A group of claimants, self-titled as Rebecca K. Perry, IRA, et al. ("Claimants"), seek to extend the time to oppose the Debtor's discharge, or to challenge the dischargeability of their debts (Dkt. #46). Today is the last day to file such a complaint. Claimants seek an additional 90 days.

Prior to today's date, proceedings in other forums have been ongoing against the Debtor, and others, concerning the disputed transactions. Therefore, all of the relevant facts, necessary to formulate such a 11 U.S.C. § 523 or § 727 complaint, and set forth colorable claims, are known to the Claimants.

Initially, the court is concerned as to which, and how many of the numerous potential plaintiffs are seeking relief. The attorney with the most knowledge of that issue, Mr. James B. Cavanagh, was not present at oral argument to answer this question, and local counsel, having only just been retained, was understandingly unable to candidly answer that question concerning legal standing and who, exactly, Mr. Cavanagh's firm, represents.

FED. R. BANKR. P. 4004(b) allows a court to extend the time for filing an objection to discharge or non-dischargeability upon a showing of "cause." The same rule also requires one with

such a claim to file it, unless extended, within 60 days after the date first set for the 11 U.S.C. § 341(a) meeting of creditors.

This case was filed on May 5, 2008. The initial 11 U.S.C. § 341(a) meeting was set for July 10, 2008, and such notice was mailed on June 3, 2008. Thus, Claimants have known about this case for at least three months, yet until now, have taken no steps to perfect their rights by the filing of the types of actions for which they now seek an additional 90 days.

Claimants have not explained what caused this delay, nor why they were unable to act earlier. In their motion, they note that there are other actions pending on the same facts before other forums. Thus, it would not have been onerous or time-consuming to re-state those facts in the context of either a 11 U.S.C. § 523 or a § 727 complaint, if grounds existed to do so. Nor have these putative creditors alleged that some bad faith on the part of the Debtor contributed to the delay.

To now bring that other, complex and already framed litigation into this court will unduly delay the efficient administration of this case. If Claimants believed that grounds existed under § 523 or § 727, they would have already brought them.

Claimants may still file claims in this action, but that time limit also rapidly approaches.

A creditor having notice of the bankruptcy must show "due diligence." "The power to extend deadlines for objecting to discharge or nondischargeability complaints rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date to file a timely complaint, but was unable to do so. . . . The power is to be exercised cautiously . . ." *In re Farhid*, 171 B.R. 94, 96-97 (N.D. Cal. 1994).

The cases cited by Debtor are examples of where a creditor does nothing until a few days before the deadlines end, or really has little or no valid reason for the delay. It is well established that "creditors cannot be dilatory and sit on their rights and then expect at the last moment to be granted an extension of time to investigate and/or contest a debtor's discharge." *In re Chamness*, 312 B.R. 421, 424 (Bankr. D. Color. 2004).

Weighing all of the relevant factors, then, the court finds that the balance tilts in favor of the Debtor. Claimants had adequate notice of the applicable deadline, but failed to act in a timely manner; the case against the Debtor was already known and could have been restated quickly, but was not; the Claimants failed to exercise proper diligence, and the Debtor played no role in the Claimants' delay; and it was not made clear to the court who the Claimants are that are seeking the relief. *See In re Nowinski*, 291 B.R. 302, 305-06 (Bankr. S.D. N.Y. 2003).

For all of these reasons, the court must deny the Claimants' request for an extension past the September 8, 2008 deadline.

A separate order will issue. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following

Albert H Hartwell, Jr
Attorney for Debtor

Scott H. Gan, Mesch Clark & Rothschild, P.C.
Attorneys for Rebecca K. Perry, IRA, et al.

Larry Lee Watson
Office of the U.S. Trustee

